Sammie L. DIXON, Appellant,

v.

Marion F. DIXON, Appellee.

Court of Appeals of Kentucky.

Nov. 11, 1960.

Morris Britt, Louisville, for appellant.

Ellis E. Blake, Louisville, for appellee.

CULLEN, Commissioner.

At the time of their divorce in 1957, Marion F. Dixon and Sammie L. Dixon entered into an agreement, which was incorporated in the divorce judgment, that Marion (the mother) should have custody of their five-year-old daughter and Sammie (the father) should have custody of their three-year-old twin boys. Thereafter the little girl was kept by her mother in Louisville and the boys by the paternal grandparents in Mississippi. (Sammie is a career member of the Army.)

In 1959 Marion moved that the custody of the boys be awarded to her, and Sammie countered with a motion that the custody of the girl be awarded to him. The court entered judgment denying both motions, but making provision for rights of visitation. Sammie alone has appealed from the judgment, and the only question before us is whether the court erred in refusing to transfer custody of the girl to Sammie.

The ground upon which Sammie sought custody was that Marion is morally unfit. Two erstwhile friends of Marion, who appeared to have had a recent falling out with her, testified that on several occasions she had shared her bed with a certain man, and on other occasions with another man. Marion and both of the men denied this. The friends further were critical of the restaurant in which Marion is employed, because beer is served there, but their testimony on this point fell far short of establishing that the place was one of immoral influences or of bad character.

There was no evidence of any substance to indicate that the little girl is not well cared for. She regularly attends a Catholic school and church, the authorities of which certified that her general conduct indicated she had received sound moral training at home.

The trial commissioner found that while Marion appeared to have been indiscreet on occasions in her associations with men, the evidence did not prove her to be a morally unfit person to the extent of being detrimental to the welfare of the little girl. The chancellor concurred in this finding, and taking into consideration all of the circumstances and conditions concluded that the best interests of the child would be served by leaving her in the custody of her mother.

There was a conflict in the evidence concerning the character and extent of Marion's relations with men, and the chancellor chose to accept her testimony that the relations were merely indiscreet and did not extend to the point of immorality. We cannot say that this finding is clearly erroneous. Also, some discretion must be allowed the chancellor in child custody cases and we find no abuse of that discretion here.

The judgment is affirmed.